IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

PATRICK MCNALLY,                )
                                )
        Plaintiff,              )
                                )
v.                              )       1:25-cv-7 (LMB/IDD)
                                )
LELAND DUDEK, Acting Commissioner of )
Social Security, and SOCIAL SECURITY )
ADMINISTRATION.                 )
                                )
        Defendants.             )

## MEMORANDUM ORDER

Plaintiff Patrick McNally ("McNally" or "plaintiff"), proceeding pro se, used an online form to file an inquiry with the Social Security Commissioner on June 30, 2024. [Dkt. No. 1-1] at 9. McNally requested a hearing and stated that the Social Security Administration ("SSA") "ha[d] violated [his] rights and the law in many ways." Id. On July 18, 2024, the SSA sent a letter to McNally stating that the Philadelphia regional office would "look into the situation and will be in touch with you as soon as possible." Id. at 8. On October 22, 2024, McNally filed a Warrant in Debt in Fairfax County General District Court against the Commissioner of Social Security and the SSA ("defendants"), in which he alleged that $4,262.00 in social security retirement benefits had bene wrongfully withheld from him. [Dkt. No. 1-1] at 3–7. Specifically, McNally alleges that the SSA unlawfully withheld 100% of his benefits for two consecutive months, June and July 2024, for alleged previous overpayments without first providing notice that it would do so. Id. at 3–4.

Defendants removed the civil action to this Court on January 3, 2025. [Dkt. No. 1] at 1. On January 24, 2025, after receiving an extension to file a responsive pleading, defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("the Motion"). [Dkt. No. 4].

McNally filed an opposition brief on February 7, 2025, [Dkt. No. 8] and defendants chose not to reply. [Dkt. No. 13].

Defendants contend in the Motion that McNally failed to exhaust his administrative remedies and, therefore, has not received a final decision of the Commissioner as required before seeking judicial review under 42 U.S.C. § 405(g). [Dkt. No. 5] at 1, 6–9. Defendants also claim that the SSA has repaid McNally and, therefore, that the civil action is moot. Id. at 1–6. McNally disagrees, contending that he has only received partial relief and that defendants have obstructed his ability to exhaust the available administrative remedies. [Dkt. No. 8] at 1–3, 8. McNally further asserts that defendants have made misrepresentations to the Court, and therefore the Motion should be denied. Id. at 2, 5–7.

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). Section 405(g) goes on to state that "[n]o findings of fact or decisions of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. at § 405(h). As the Supreme Court has held, these two sentences make clear that, for claims arising under the Social Security Act, judicial review is permitted only in accordance with section 405(g). Smith v. Berryhill, 587 U.S. 471, 475 (2019). Thus, "[b]y requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a prerequisite for filing suit." L.N.P. v. Kijakazi, 64 F.4th 577, 583 (4th Cir. 2023).

The Commissioner's regulations provide that a claimant must complete a four-step administrative review process to exhaust administrative remedies and thereby obtain a judicially reviewable final decision. See Smith, 587 U.S. at 475 (citing 20 C.F.R. §§ 404.900(a), 416.1400(a)). First, the claimant must seek an initial determination as to his eligibility for the requested benefits. Id. Second, the claimant must seek reconsideration of the initial

determination if it is unfavorable. Id. Third, the claimant must request a hearing conducted by an Administrative Law Judge ("ALJ"). Id. Finally, if the ALJ denies the claim, the claimant must request review of the ALJ's decision by the Appeals Council. Id.

McNally has not exhausted his administrative remedies. McNally's warrant in debt and opposition brief explain how he has had repeated communications with the SSA, and has received various SSA letters explaining the overpayment, withholdings, and repayment process. McNally has also submitted reconsideration requests to the SSA and asked for a hearing in front of an ALJ. But McNally has provided no evidence that he has received a reconsideration decision or has had a hearing in front of an ALJ. As such, McNally cannot show that he has exhausted his administrative remedies, which would require receiving a decision from an ALJ and appealing that decision to SSA's Appeals Council. See Smith, 587 U.S. at 475.

McNally argues that exhaustion is futile here because he has attempted to exhaust his administrative remedies but defendants have prevented him from doing so. [Dkt. No. 8] at 2. Specifically, McNally contends that SSA employees have failed to respond to some of his attempts to reach them, have ignored his requests for fair treatment, and have not investigated the matter fully. Id. at 3, 9–10. Although, in "exceptional circumstances," a federal court may waive the general requirement that a plaintiff exhaust his administrative remedies if the plaintiff shows that exhaustion is futile, see L.N.P., 64 F.4th at 584, such exceptional circumstances are not present here. As in L.N.P., exhaustion would not be futile here because it would permit the SSA to "expound on its position at the administrative level . . . especially given that the issue is one of first impression." 64 F.4th at 583 (internal quotation omitted). In other words, exhaustion will provide both plaintiff and the Court "the benefit of reviewing SSA's decision in light of a reasoned explanation" as to how the benefits at issue were calculated and is therefore "a significant and valuable procedural step." Id. at 589. As there is no genuine dispute as to the fact that McNally did not exhaust his administrative remedies, defendants are entitled to

judgment as a matter of law. See, e.g., Laconya v. Dudek, No. 3:23-CV-830-HEH, 2025 WL 606451, at *4, *6 (E.D. Va. Feb. 25, 2025) (citing Fed. R. Civ. P. 56).

For all these reasons, defendants' Motion for Summary Judgment [Dkt. No 4] is GRANTED and defendants' Motion to Dismiss is DENIED AS MOOT; and it is hereby

ORDERED that this civil action is DISMISSED WITHOUT PREJUDICE to allow plaintiff to bring a judicial challenge to the SSA's actions after he has exhausted the mandatory administrative remedies and obtained a final decision from the Commissioner. Until then, any civil action challenging his benefits is premature.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to send copies of this Order to plaintiff, pro se, at his address of record and to defendants' counsel of record, and to close this civil action.

Entered this 28 day of February, 2025.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge